UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-218 (ECT/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| (1) Reyel Devon Simmons,<br>also known as Rey Reeves, | |
| Defendant. | |

Alexander D. Chiquoine, Esq., United States Attorney's Office, counsel for Plaintiff.

James S. Becker, Esq., Office of the Federal Defender, counsel for Defendant.

This action is before the Court on various pretrial motions filed by Defendant and the Government. The parties have agreed that no hearing is necessary. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b). The Government also seeks disclosure of any alibi by the Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2. In addition, the Government seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.2, if

Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of the Defendant bearing on the issue of guilt. The Government also seeks notice (by the pretrial-motions-hearing date) pursuant to Fed. R. Crim. P. 12.3, if Defendant intends to rely upon the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense. Defendant filed no objection to the motions. Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the aforementioned rules. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 **(Doc. No. 14)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

    2.    **Defendant's Motion for Pretrial Disclosure of 404 Evidence.** Defendant moves for disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government represents that it will comply with Rule 404 and that it is agreeable to disclosure two weeks before trial. Defendant's Motion for Pretrial Disclosure of 404 Evidence **(Doc. No. 19)** is **GRANTED** to the extent that the Government must disclose Rule 404 evidence no later than **14 days** prior to trial.

3. **Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it has complied and will continue to comply with its obligations under *Brady*, *Giglio*, and their progeny. Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to Defendant **(Doc. No. 20)** is **GRANTED**. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

4. **Defendant's Pretrial Motion for Discovery and Inspection.** Defendant requests an order requiring the Government to disclose or permit discovery, inspection and copying, or supplement prior disclosures, of various things pursuant to Fed. R. Crim. P. 12 and 16. The Government states that to the extent the motion comports with Fed. R. Crim. P. 12 and 16, it does not oppose the motion. Defendant's Pretrial Motion for Discovery and Inspection **(Doc. No. 21)** is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12 and 16. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

5. **Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview.** Defendant moves for the disclosure of the identity of any informants utilized by the Government in the investigation of this case, and to make such informants available for interview. The Government represents that no informant was used in the investigation of this matter. Based on the representation from the Government, Defendant's Pretrial Motion to Disclose and Make Informant Available for Interview **(Doc. No. 22)** is **DENIED as moot.**

6. **Defendant's Motion for Early Disclosure of Jencks Act Material.** Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material at least three days prior to the commencement of trial. The Government opposes the motion asserting the request lacks authority. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 23)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary exchange of Jenks Act material with Defendant three days prior to trial as the Government has represented it would do.

7. **Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken and evidence seized as part of their investigation

into this case. The Government does not oppose the motion with respect to retention of notes, but asserts the request for preservation of evidence is overly broad. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 24)** is **GRANTED** to the extent that it is not moot. However, disclosure of rough notes is not required by this Order. The Government has not shown how this request is overly broad in the context of this single defendant case.

8. The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by U.S. District Judge Eric C. Tostrud.

Date:  December 17, 2021

                                                *s/ Becky R. Thorson*
                                                BECKY R. THORSON
                                                United States Magistrate Judge